**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ZHANG ZHENBIAO,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 1:26-cv-06192<br><br>Judge Matthew F. Kennelly |

**NON-PARTY AMAZON.COM, INC.'S MOTION FOR TEMPORARY STAY OF ENFORCEMENT OF TRANSFER ORDER**

Non-party Amazon.com, Inc. ("Amazon"), by and through its undersigned counsel, respectfully requests a temporary stay of the provisions of the Court's Order Requiring Deduction of Settlement Funds from E-Commerce Platform dated August 11, 2026 [Dkt. No. 29] directing Amazon to transfer funds from the accounts of certain Defendants to Plaintiff (the "Transfer Order"), pending Amazon's ongoing investigation into whether the circumstances surrounding the Transfer Order in this case warrant additional scrutiny in light of suspicious activity and potential collusion in similar Schedule A litigation matters. In support hereof, Amazon states:

1. This is a "Schedule A" case in which the Plaintiff has alleged that the Defendants are engaged in selling counterfeit goods on e-commerce platform marketplaces, including Amazon.com. Amazon recently identified a number of concerning patterns in some Schedule A cases that suggest that certain plaintiffs and defendants in Schedule A cases may be colluding with one another to obtain transfer orders in order to extricate funds from an Amazon marketplace account that had *already been frozen* by Amazon for independent enforcement reasons unrelated

to the claims asserted in the Schedule A case that gave rise to the transfer order. In other words, Amazon has reason to believe that some Amazon merchants, or entities or individuals acting on their behalf, are using Schedule A litigation and the transfer orders that result therefrom to cause funds to be paid to themselves in order to circumvent other enforcement actions that have already caused those same funds in the defendants' merchant accounts to be frozen.

2. As this Court is aware, Amazon recently filed an *ex parte* and *in camera* motion to stay enforcement of an order directing Amazon to release funds (the "Motion to Stay Enforcement") in *NextClimb Investments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-05593 (N.D. Ill.), which is currently pending before Your Honor. A copy of the publicly available Motion to Stay Enforcement in that case is attached here as **Exhibit A**.

3. The circumstances presented in *NextClimb* include seller funds that Amazon had frozen for independent enforcement reasons before suit was filed, apparent discrepancies between certain defendants' products and the plaintiff's asserted trademark rights, and unusual patterns in the representation and settlement of numerous defendants. Ex. A.

4. The Motion to Stay contains additional information concerning Amazon's investigation that is redacted in the publicly available version attached hereto but were presented to Your Honor *ex parte* and *in camera*. The Court ordered Amazon to file that information publicly on October 6, 2026 and ordered the plaintiff and defendants involved in obtaining the transfer order in that case to respond to the Motion to Stay on or before October 20, 2026. The Court will then conduct a hearing on October 28, 2026.

5. In this case, the Court entered the Transfer Order on August 11, 2026 [Dkt. No. 29] requiring Amazon to deduct certain amounts identified therein from Defendants' accounts and transfer those funds to Plaintiff's counsel.

6. Amazon's discovery of the information giving rise to the Motion to Stay in the *NextClimb Investments* case warrants further review of the numerous pending court-ordered transfers that Amazon has been served with in Schedule A litigation, including this one. Amazon is conducting a broader review to determine the scope of the activity and the cases and seller accounts potentially affected. That review includes the parties and/or counsel and the Transfer Order in this action.

7. Rather than ask this Court to consider substantially overlapping investigative information *ex parte* shortly before that information becomes public and before the parties' response to the Motion to Stay in the *NextClimb Investments* case, Amazon respectfully submits that the more efficient course is to preserve the *status quo* by permitting Amazon to continue to hold the funds that are the subject of the Transfer Order until after a ruling on the Motion to Stay in the *NextClimb Investments* matter.

8. The brief stay of enforcement will allow Amazon to further investigate the specific circumstances of the Transfer Order in this case while the *NextClimb Investments* motion is resolved. Following this Court's ruling in *NextClimb*, Amazon can determine whether the circumstances warrant a substantive motion in this action or whether the transfer should proceed.

9. The requested stay is intended only to preserve the funds while that process occurs. Amazon is not asking the Court at this time to determine whether the concerns identified in its broader review are present in this action. Nor does Amazon seek to disturb any other portion of the Court's Transfer Order. Amazon requests only that the already-frozen funds remain in their

current accounts pending Amazon's further investigation, and if necessary, the Court's consideration of any subsequent motion by Amazon.

10. The Court has the inherent power to temporarily stay enforcement of the Transfer Order and preserve the status quo pending this Court's ruling in *NextClimb*. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). That power does not require that the parties or issues in the two proceedings be identical. *Id.;* see also *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (describing a court's inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

11. Once the funds that are the subject of the Transfer Order are paid, the funds may be difficult or impossible to recover, particularly if they are thereafter transferred to third parties or outside the United States. Permitting a brief temporary stay and allowing Amazon to continue holding the frozen funds will preserve the *status quo*. On the other hand, requiring Amazon to pay the funds to Plaintiff would likely permanently alter it.

WHEREFORE, Amazon respectfully requests that the Court temporarily stay enforcement of that portion of the Order Requiring Deduction of Settlement Funds from E-Commerce Platform dated August 11, 2026 [Dkt. No. 29] directing Amazon to transfer seller funds to Plaintiff pending resolution of Amazon's Motion to Stay in the *NextClimb Investments* case and setting a status date after the October 28, 2026 hearing in *NextClimb Investments* for Amazon to further advise the Court regarding whether it intends to file a similar motion in this case.

Dated: October 2, 2026

Respectfully submitted,

By: /s/ *Matthew R. Barrett*

**KILPATRICK TOWNSEND & STOCKTON LLP**
Thomas L. Holt
Jeremy Buxbaum
Matthew R. Barrett
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
Telephone: (312) 606-3204
Telephone: (312) 268-1705
Email: tholt@ktslaw.com
Email: jbuxbaum@ktslaw.com
Email: mbarrett@ktslaw.com

*Attorneys for Third-Party Amazon.com, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: *_/s/ Matthew R. Barrett_*
Matthew R. Barrett